O

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,    )   Case No. CR 12-00277  DDP
                                  )
12                 Plaintiff,     )
                                  )
13        v.                      )   **ORDER DENYING DEFENDANT'S MOTION**
                                  )   **TO SUPPRESS EVIDENCE IN PART AND**
14   DIOMAR HERNANDEZ,            )   **GRANTING IN PART**
                                  )
15                 Defendants.    )
                                  )
16   _____)   [Dkt. No. 37]

17

18        Presently before the court is Defendant Diomar Hernandez's

19   Amended Motion to Suppress Evidence.  Having considered the

20   submissions of the parties and heard oral argument, the court

21   denies the motion in part, grants in part, and adopts the following

22   order.

23   **I.   Background**

24        Defendant is charged with being a felon in possession of a

25   firearm in violation of 18 U.S.C. § 922(g)(1) and obstruction of

26   justice in violation of 18 U.S.C. § 1513(b)(2).  Between January

27   and March 2012, a confidential informant, working at the direction

28   of Special Agent Stephanie Romo ("Agent Romo") of the Bureau of

Alcohol, Tobacco, and Firearms ("ATF"), exchanged text messages with Defendant regarding the possibility of obtaining firearms from Defendant on behalf of a third party. Defendant sent the informant pictures of firearms, as well as a price list. During a recorded phone call on March 12, Defendant stated, "I got an AK and two pistols. And I have them at home, I have them at home." Defendant further said, "Look, we can bring . . . the AK, you can take him the Uzi, you can take him the R15 . . ., it's the same one they call the M4. . . . I have the AK with me right now." The informant and Defendant agreed to meet at Defendant's residence on March 13.

The morning of March 13, Defendant became suspicious of the informant, and no transaction occurred. Later that day, at approximately 2:30 p.m., ATF agents secured Defendant's residence and began preparing an affidavit (the "Affidavit") to obtain a search warrant. The Affidavit included the subheadings, "Attached and Incorporated" and "Statement of Probable Cause." The affiant, Agent Romo, explained her training and provided a history of her investigation of Defendant. The Affidavit explained that Los Angeles County criminal records indicated that Defendant had two prior felony convictions, making it illegal for him to possess firearms. The Affidavit also described the phone call between the informant and Defendant:

> CI inquired if he/she could purchase two (2) AR-15 rifles and one (1) Uzi. [Defendant] told CI that he may have a hard time acquiring the Uzi before March 13, 2012, however, [Defendant] stated that he had one (1) AK-47 rifle and two (2) pistols, currently at his residence that CI could purchase.

Agent Romo concluded by stating

> Based on the foregoing and my experience, it is my
> opinion that [Defendant] has violated California Penal
> Code 29800(a)(1) (felon in possession of a firearm) and
> that this violation occurred at [Defendant's residence].
> It is also my belief that the evidence of this crime will
> be located and will be found at the premises, vehicles,
> and cell phones to be searched.

Agent Romo also prepared a search warrant titled "Search Warrant and Affidavit" ("the warrant"). In a signed introductory statement, Agent Romo swore that "the facts expressed . . . in the attached and incorporated Statement of Probable Cause are true . . . and [the affiant] has probable cause to believe and does believe that the articles, property, and persons described below are lawfully seizable . . . ."

The warrant form included a section headed "You are Therefore COMMANDED to SEARCH: (premises, vehicles, persons)[.]" In that section, Agent Romo typed "(see attached and incorporated pages)[.]" The following section, captioned "for the FOLLOWING PROPERTY, THING(s) or PERSON(s):" also read "(see attached and incorporated pages)." Aside from the Affidavit, only one page was attached to the warrant form. That attachment, headed "YOU ARE THEREFORE COMMANDED TO SEARCH," described Defendant's apartment in a "LOCATION" section and a white van in a "VEHICLES" section. No page captioned "for the FOLLOWING PROPERTY, THING(s) or PERSON(s)" was attached to the warrant.

A superior court judge signed the warrant at 3:22 p.m. ATF agents searched Defendant's apartment and storage areas and recovered an AK-47 rifle, two AR-15 rifle variants, two nine millimeter pistols, and four pieces of mail.

**II. Discussion**

    A. Validity of the Warrant

    Defendant argues that the warrant is invalid because it fails to specify with particularity the specific items to be seized. The government contends that the warrant is facially valid because it incorporated Agent Romo's Affidavit, which, the government argues, provided sufficient specificity to satisfy the Fourth Amendment's particularity requirement.

    1. Whether the Warrant Incorporates the Affidavit

    The government essentially concedes that the warrant form itself, viewed in isolation, is overbroad. (Supplemental Brief at 2). The initial question, therefore, is whether the supporting Affidavit was properly incorporated into the warrant. While the Fourth Amendment requires "particularity in the warrant, not in the supporting documents," it does not prohibit "a warrant from cross-referencing other documents." Groh v. Ramirez, 540 U.S. 551, 557 (2004). Accordingly, a court may construe a search warrant with reference to a supporting affidavit "for purposes of satisfying the particularity requirement if (1) the affidavit accompanies the warrant, and (2) the warrant uses suitable words of reference which incorporate the affidavit therein." United States v. McGrew, 122 F.3d 847, 849 (9th Cir. 1997) (quotation marks and citation omitted); see also United States v. Kow, 58 F.3d 423, 429 n.3 (9th Cir. 1995).

    Here, the government represented at argument that the Affidavit was attached to the warrant at the time the search was executed. (Tr. at 18:10-12.) While Agent Romo's subsequent live testimony, including cross-examination, did not definitively

4

address the issue, her subsequent declaration that the "complete document," including the Affidavit, was accessible to the search team is consistent with the government's representation. (Romo Declaration at ¶ 7.)  With respect to words of reference, the heading of the warrant form reads "Search Warrant and Affidavit", the introductory language states that the attached Statement of Probable Cause (i.e., the Affidavit) is "attached and incorporated," and the Affidavit itself contains the subheading "Attached and Incorporated."  This language is sufficient to incorporate the Affidavit into the warrant.  The court therefore will look to both the warrant form and the Affidavit to determine whether the warrant satisfied the Fourth Amendment's particularity requirement.

        2.  Particularity

        The mere fact that the affidavit was incorporated into the warrant does not necessarily establish that the warrant was adequate.  The Fourth Amendment requires that "a warrant particularly describe both the place to be searched and the person or things to be seized."  United States v. Spilotro, 800 F.2d 959, 963 (9th Cir. 1986).  This particularity requirement "prevents officers from engaging in general, exploratory searches by limiting their discretion and providing specific guidance as to what can and cannot be searched and seized."  United States v. Adjani, 452 F.3d 1140, 1147 (9th Cir. 2006) (citing United States v. McClintock, 748 F.2d 1278, 1282 (9th Cir. 1984)).

        "The description must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized."  Spilotro, 800 F.2d at 963.  However, "the level of

5

detail necessary in a warrant is related to the particular

circumstances and the nature of the evidence sought." _Adjani_, 452

F.3d at 1147.  "Warrants which describe generic categories of items

are not necessarily invalid if a more precise description of the

items subject to seizure is not possible." _Spilotro_, 800 F.2d at

963.  In determining whether a warrant satisfies the particularity

requirement, courts in this circuit consider:

> (1) whether probable cause exists to seize all items of a
> particular type described in the warrant; (2) whether the
> warrant sets out objective standards by which executing
> officers can differentiate items subject to seizure from those
> which are not; and (3) whether the government was able to
> describe the items more particularly in light of the
> information available to it at the time the warrant was
> issued.

_Adjani_, 452 F.3d at 1148 (quoting _Spilotro_, 800 F.2d at 963).

Defendant does not dispute that there was probable cause to

believe that there were firearms at his residence, or that such

firearms would be evidence of a crime.  (Replay at 8.)  The

government argues that the warrant was sufficiently specific in its

description of the items to be seized because it listed "evidence

of defendant's possession of firearms, including but not limited to

an AK-47 rifle, two pistols, and possibly two AR-15 rifles and an

Uzi firearm."  (Opposition at 2.)

"[A] search warrant must describe items to be seized with

particularity sufficient to prevent a general, exploratory

rummaging in a person's belongings . . . ."  _United States v._

_Bridges_, 344 F.3d 1010, 1016 (9th Cir. 2003) (internal quotation

marks and citation omitted).  Reasonable specificity, the meaning

of which will vary, depending on the circumstances and items

involved, is adequate.  _Id._; _Spilotro_, 800 F.2d at 963.  In some

cases, a particular description of the criminal activity suspected of being perpetrated may suffice. Bridges, 344 F.3d at 1017 (citing Marron v. United States, 275 U.S. 192, 196 (1927)); Spilotro, 800 F.2d at 964 ("Reference to a specific illegal activity can, in appropriate cases, provide substantive guidance for the officer's exercise of discretion in executing the warrant."); cf. Kow, 58 F.3d at 427 (Warrant insufficiently particular where it failed to give any indication of the specific criminal activity suspected).

Here, the Affidavit specified that Defendant was suspected of violating California Penal Code Section 29800. In some cases, references to broad and wide-ranging criminal statutes may do little to provide specificity and limit searchers' discretion. See Spilotro, 800 F.2d at 965. Here, however, the statute at issue is a narrow one, prohibiting possession of firearms by certain individuals. Though Section 29800(a)(1) criminalizes possession of firearms by both convicted felons and drug addicts, the Affidavit further specified that Defendant was suspected of violating only one aspect of the statute, "[]felon in possession of a firearm[]."

As described above, the Affidavit recounts that the informant asked to purchase two AR-15s and an Uzi, and that Defendant explicitly stated that he had an AK-47 and two pistols at his residence. The Affidavit also related Defendant's statements suggesting that he had access to at least one AR-15 and an Uzi. Thus, the Affidavit described not only a general category of evidence, but rather provided a specific identification of the firearm evidence at issue. Though not explicitly labeled as such,

this detailed description effectively served as a list of items to be seized and a check on the discretion of the executing officers.

The Affidavit's narrow identification of the criminal activity suspected, combined with the precise description of the firearms in Defendant's possession, identified firearm evidence with sufficient particularity to satisfy the Fourth Amendment. Defendant's Motion to Suppress firearm evidence is, therefore, DENIED.

B. Scope

ATF agents ultimately seized five firearms and four pieces of mail. Though not directly raised by Defendant, a question remains whether the warrant authorized the seizure of all of the evidence removed from Defendant's residence. "A search must be limited to the terms of the warrant." United States v. Crozier, 777 F.2d 1376, 1381 (9th Cir. 1985). Where executing officers disregard the terms of the warrant, seized items falling outside the scope of the warrant must be suppressed. Id. As explained above, the warrant adequately identified the firearm evidence to be seized. Firearm evidence, however, was the only type of item of which the warrant authorized seizure. Thus, to the extent that the government argues that the Affidavit provided a list of items "including, but not limited to" firearms, the court disagrees.

Here, it is clear that searchers exceeded the scope of the warrant. Agent Romo states that she instructed fellow agents to search not only for weapons, but also mail, receipts, and anything else Agent Romo considered to be "evidence of defendant's illegal possession of firearms." (Romo Decl. at 2.) Agent Romo's testimony further establishes that agents did not act within the limits of the list of items in the warrant, but rather searched for

"things of evidentiary value [that] would prove a felon in possession of firearms. . ., _anything_ that would show that there's been a violation of a felon in possession . . . . Now if I got specific with the agents I can't say one way or another . . . . [I]t was up to my discretion to decide if it was something that we were going to seize or not." (emphasis added).[1]

The warrant authorized the seizure of firearms, and nothing more. Nowhere did the warrant discuss or identify papers of any kind. However well-intentioned the executing agents may have been, they failed to work within the confines of the warrant, and instead looked only to their own discretion in determining that Defendant's mail was fair game. Because the warrant did not authorize the seizure of any mail or papers, the mail evidence must be suppressed.

///
///
///

---

[1] Agent Romo's declaration conflicts to some extent with her live testimony before the court, and is internally inconsistent. For example, Agent Romo's declaration states that she explicitly instructed at least one executing agent that the scope of the search was limited to firearms. Later in the same paragraph, however, she states that she instructed other agents that the warrant authorized them "to seize evidence of a felon in possession of firearms, which include: firearms, ammunition, manuals, receipts from gun stores, gun cases, and indicia of the defendant living at that location." (Romo Decl. ¶ 7.)

**IV.  Conclusion**

For the reasons stated above, Defendant's Motion is DENIED in part and GRANTED in part.  Insofar as it seeks to suppress the five firearms seized from Defendant's residence, the motion is denied. The four pieces of mail seized from the residence are, however, suppressed.


IT IS SO ORDERED.


Dated: April 29, 2013

DEAN D. PREGERSON
United States District Judge